No. 98,538

In the Matter of DENNIS D. WEBB, *Respondent.*
(169 P.3d 336)

Opinion filed October 26, 2007.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Dennis D. Webb, of Wichita, an attorney admitted to the practice of law in Kansas in 1978. The formal complaint against respondent alleges violations of KRPC 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence); 1.4 (2006 Kan. Ct. R. Annot. 386) (communication); 1.8(a) (2006 Kan. Ct. R. Annot. 417) (business transaction with client); 1.16(d) (2006 Kan. Ct. R. Annot. 448) (terminating representation); 8.1(b) (2006 Kan. Ct. R. Annot. 505) (failing to respond to a lawful demand); and 8.4(d) (2006 Kan. Ct. R. Annot. 510) (conduct prejudicial to the administration of justice).

The Kansas Board for Discipline of Attorneys held a hearing on November 14, 2006, in Topeka, Kansas. Respondent appeared in person. The hearing panel made the following findings of fact:

### Complaint by Kim Bannon

"2.   In October 2003, Kim M. Bannon retained the Respondent to represent her in a cause of action against two medical testing manufacturers.

"3.   Ms. Bannon was dissatisfied with the Respondent's representation and on June 27, 2005, she filed a complaint against the Respondent.

"4.   On July 8, 2005, the Disciplinary Administrator wrote to the Respondent, enclosed a copy of Ms. Bannon's complaint, and directed the Respondent to provide a written response within 20 days.

"5.   On July 20, 2005, David M. Rapp, the Chairman of the Wichita Ethics and Grievance Committee wrote to the Respondent. Mr. Rapp informed the Respondent that Timothy J. Finnerty had been assigned to investigate the complaint and reminded the Respondent to provide a written response to the complaint in accordance with the direction of the Disciplinary Administrator.

"6.   The Respondent failed to provide a written response to the complaint as required.

"7.   On October 17, 2005, Mr. Finnerty reminded the Respondent of his obligation to provide a written response to Ms. Bannon's complaint. The Respondent assured Mr. Finnerty that he would provide a written response to the complaint by October 24, 2005.

"8.   The Respondent never provided a written response to the complaint."

Complaint by Bryant Colbert

"9.   On October 29, 2002, [Bryant] Colbert retained the Respondent to prepare and file a *habeas corpus* petition in the Reno County District Court. At the time, Mr. Colbert was imprisoned in the Hutchinson Correctional Facility. Also on October 29, 2002, Mr. Colbert sent the Respondent $300.00 from his inmate account for attorney fees.

"10.   In November 2002, the Respondent met with Mr. Colbert at the prison. During that meeting, the Respondent told Mr. Colbert that 'he could get [him] back in court and get [him] another trial and possibly get [him] released.' Mr. Colbert agreed to pay the Respondent an additional $2,500.00 for preparing and filing the petition for *habeas corpus* and another $2,500.00 if the Respondent represented Mr. Colbert at a new trial. Additionally, the Respondent directed Mr. Colbert to pay $1,000 for expenses. On December 20, 2002, Mr. Colbert sent the Respondent a check for $3,500.00.

"11.   Thereafter, the Respondent provided Mr. Colbert with a draft copy of a petition. Other than providing Mr. Colbert with a draft copy of a petition, the Respondent took no other action for Mr. Colbert nor did he have any additional contact with Mr. Colbert. The Respondent never filed the petition in behalf of Mr. Colbert.

"12.   The Respondent provided no other legal services to Mr. Colbert. The Respondent failed to refund any of the advanced fees or advanced expenses to Mr. Colbert.

"13.   On August 12, 2005, Mr. Colbert filed a complaint with the Disciplinary Administrator regarding the Respondent's representation. On August 15, 2005, the Disciplinary Administrator wrote to the Respondent directing him to file a written response to the complaint within 20 days.

"14. On August 19, 2005, Mr. Rapp reminded the Respondent to provide a written response to the complaint in compliance with the direction from the Disciplinary Administrator. The Respondent failed to provide a written response to the complaint as required by the Disciplinary Administrator.

"15.   Mr. Rapp appointed Mr. Finnerty to investigate the complaint. On October 5, 2005, Mr. Finnerty wrote to the Respondent directing the Respondent to provide a written response to the complaint. The Respondent failed to provide a written response to the complaint following Mr. Finnerty's letter.

"16.   On October 17, 2005, Mr. Finnerty spoke with the Respondent by telephone regarding the pending complaints. At that time, the Respondent promised to provide a written response to the complaint by October 24, 2005.

"17. The Respondent never provided a written response to the complaint filed by Mr. Colbert."

### Complaint by Thomas Ross

"18. Tom Ross retained the Respondent to represent him in a criminal case pending before a municipal court. As a result of the case, Mr. Ross was convicted of a tax stamp violation. Years later, in July 2004, Tom Ross retained the Respondent again, this time to file and prosecute an action to have the criminal conviction expunged. Mr. Ross paid the Respondent $400 for the representation in the expungement matter.

"19. The Respondent prepared and filed pleadings in behalf of Mr. Ross. The Respondent informed Mr. Ross that it should take approximately 3 months to complete the expungement.

"20. After waiting 3 months and having not heard from the Respondent, Mr. Ross called the Respondent. At that time, the Respondent informed Mr. Ross that the forms that were required for the expungement had changed and he needed Mr. Ross to sign a new set of pleadings. The Respondent prepared the pleadings and forwarded them to Mr. Ross. Mr. Ross signed the pleadings and returned them to the Respondent.

"21. After waiting an additional 3 months, Mr. Ross repeatedly attempted to contact the Respondent by telephone. The Respondent failed to return Mr. Ross' many telephone calls. Eventually, when Mr. Ross called the Respondent's telephone number, he learned that the Respondent was no longer working at the law firm. The Respondent's former firm provided Mr. Ross with the Respondent's son's telephone number.

"22. Mr. Ross attempted to reach the Respondent by calling the Respondent's son's telephone number. While he was unable to reach the Respondent by telephone, he did contact the Respondent's son. Mr. Ross left a message for the Respondent. The Respondent never contacted Mr. Ross. The Respondent did not complete the representation of Mr. Ross. The Respondent did not refund the fee paid for the representation.

"23. Eventually, Mr. Ross retained a new attorney and was able to have his criminal conviction expunged.

"24. Mr. Ross filed a complaint against the Respondent. Subsequently, the Disciplinary Administrator wrote to the Respondent, enclosed a copy of Mr. Ross' complaint, and directed the Respondent to provide a written response to Mr. Ross' complaint within 20 days.

"25. On November 4, 2005, Mr. Rapp wrote to the Respondent, informed him that he appointed Mr. Finnerty to investigate the complaint, and reminded him to provide a written response to Mr. Ross' complaint within the 20 days provided by the Disciplinary Administrator. The Respondent did not provide a written response to Mr. Ross' complaint within 20 days.

"26. On November 10, 2005, Mr. Finnerty wrote to the Respondent and directed him to provide a written response to the complaint.

"27.  The Respondent never provided a written response to Mr. Ross' complaint."

Based upon these findings of fact, the Hearing Panel concluded that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.16(d), KRPC 8.1(b), Supreme Court Rule 207(b), and Supreme Court Rule 211(b), as detailed below:

"2.  Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mr. Ross when he failed to prosecute the expungement case. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Ross, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3.  KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to respond to requests for information from Mr. Ross. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"4.  KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The Respondent violated KRPC 1.16(d) when he failed to return unearned fees and unused monies advanced for expenses to Mr. Colbert. Additionally, the Respondent violated KRPC 1.16(d) when he failed to give Mr. Ross reasonable notice that he would no longer be representing him. Finally, the Respondent violated KRPC 1.16(d) when he failed to return the unearned fee to Mr. Ross. The Hearing Panel concludes that, accordingly, the Respondent violated KRPC 1.16(d).

"5.  Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirement in this regard.

'[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority . . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

The Respondent knew that he was required to forward a written response to the complaints—he had been instructed to do so in writing by the Disciplinary Administrator, Mr. Rapp, and Mr. Finnerty. Because the Respondent knowingly failed to provide written responses to the initial complaints in all three cases as requested by the Disciplinary Administrator, Mr. Rapp, and Mr. Finnerty, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"6.    The Kansas Supreme Court Rules require attorneys to file Answers to the Formal Complaints in disciplinary cases. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a timely written Answer to the Formal Complaint. The Formal Complaint was served by mail on the Respondent on September 22, 2006, for which he acknowledged receipt on October 4, 2006. The Respondent's Answer was not mailed until November 9, 2006. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b)."

The hearing panel did not find a violation of KRPC 1.8(a) (2006 Kan. Ct. R. Annot. 417) (business transaction with a client). In reaching its recommendation, the hearing panel analyzed the following factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (Standards):

"*Duty Violated.* The Respondent violated his duty to his client to provide diligent representation and adequate communication. Additionally, the Respondent violated his duty to the legal profession to cooperate in disciplinary investigations. Finally, the Respondent violated his duty to his clients to return unearned fees.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual harm to his clients and to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on three occasions. First, on November 17, 1998, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 1.3. Next, on February 27, 2001, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.4. Finally, on February 23, 2005, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.1 and KRPC 1.3.

"A Pattern of Misconduct. Included in this case are three complaints. The complaints involve similar misconduct. Additionally, the Respondent has previously been disciplined on three occasions. The previous cases included violations of the rules violated in this case. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.16(d), KRPC 8.1(b), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent knew that he was required to provide written responses to the complaints filed in this case. The Respondent never filed such responses. Additionally, the Respondent failed to file an Answer in this case. The Hearing Panel, therefore, concludes that the Respondent obstructed the disciplinary proceeding.

"Vulnerability of Victim. Two of the Respondent's clients, in this case, were particularly vulnerable. First, Mr. Colbert was in prison. His ability to contact the Respondent or hire new counsel was limited by his incarceration. Mr. Ross was also vulnerable to the Respondent's misconduct. Mr. Ross did not live near the court in which he was seeking the expungement.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1978. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for more than 20 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found no mitigating circumstances present.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.' Standard 4.12.

'Suspension is generally appropriate when:
(a) lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' Standard 4.42.

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2."

Based on these factors, the hearing panel recommended that the respondent be suspended from the practice of law in Kansas for

an indefinite period of time. Respondent advised the hearing panel that he had already taken other employment outside the legal profession and admitted that he had no objection to the suspension of his license.

We conclude that the findings of the hearing panel are supported by clear and convincing evidence, and we adopt the findings, conclusions, and recommendation of the hearing panel. The respondent's license to practice law shall be indefinitely suspended. We note, however, that a minority of the court would have disbarred the respondent.

IT IS THEREFORE ORDERED that the respondent, Dennis D. Webb, be indefinitely suspended from the practice of law in Kansas in accordance with Supreme Court Rule 203(a)(2) (2006 Kan. Ct. R. Annot. 243) for the violations found herein.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to respondent.

DAVIS, J., not participating.

GREENE, J., assigned.